IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**CROW CREEK LUMBER AND PALLET, INC.,**

    Plaintiff

vs.

**BROOKS WELDING SUPPLY COMPANY,**

    Defendant

Civil Action No.

99-C-3057-NE

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

In this diversity case, Defendant Brooks Welding Supply Company ("Brooks") seeks a Summary Judgment on the Plaintiff Crow Creek Lumber Company's ("Crow Creek") tort claims arising from a fire on the premises of Crow Creek's pallet manufacturing facility. Because Crow Creek has adduced no evidence that Brooks' actions accelerated the fire, the Summary Judgment motion is due to be granted.

### The Undisputed Facts

During the evening hours of October 3, 1997, a fire occurred on Crow Creek's pallet manufacturing facility in Stevenson, Alabama. Prior to the fire, Brooks had supplied propane tanks to the facility. Ten days before and on the day of the fire, Brooks had replaced a leaking propane tank at the facility. When the Stevenson Fire Department arrived at the scene of the fire, there was an explosion on the right side of the building. Eyewitnesses saw a flame coming from one end of the building followed by successive explosions. The explosions sounded like propane gas explosions.

18

The fire totally destroyed the facility. Crow Creek lost tools and equipment valued at $45,000, customers, and business volume as a result of the fire.

The fire was an electrical fire. There is no contention that a leaking propane tank caused the fire.

Based on the only evidence in the record, the condition of Brook's propane tanks could not have accelerated the fire beyond control. The explosions that occurred during the fire are inconsistent with the explosion and/or malfunction of a propane tank.

## Analysis

These uncontroverted facts entitle Brooks to judgment as a matter of law. The lay witnesses' speculation that the explosions heard during the fire sounded like propane gas explosions are insufficient to controvert the expert evidence that the Brooks propane tanks functioned properly during the fire. The only legally admissible evidence is that the properly-functioning propane tanks prevented the excessive damage a leaky propane tank would have caused had it malfunctioned during the fire.

In these circumstances, it would be error to submit the case to a jury. *Massey v. Mohammed Khansari Atigh, Inc.*, 669 So.2d 875 (Ala. 1995); *Hollis v. Brock*, 547 So.2d 872 (Ala. 1989).

By separate order, the Defendant's Motion for Summary Judgment will be granted.

Done this 31st day of January, 2001.

Chief United States District Judge
U.W. Clemon